# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kimberly Craft, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:24-1642-RMG |
| vs. ) | |
| ) | |
| Leland Dudek, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on April 21, 2024, recommending that the Commissioner's decision be reversed and remanded for further proceedings. (Dkt. No. 12). No objections were filed to the R & R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The Commissioner, in passing upon an application for disability benefits, is required to undertake the five step sequential process. At Step One, the Commissioner must determine whether the claimant is engaged in substantial gainful work. If the claimant is not engaged in substantial gainful employment, the Commissioner proceeds to Step Two, which involves a determination whether the clamant has a "severe medically determinable physical or mental impairment." If the claimant has one or more severe impairments, the Commissioner proceeds to Step Three, which involves a determination whether any impairment satisfies one of the designated list of impairments that would automatically render the claimant disabled. Where a claimant does not satisfy one of the listed disabling impairments, the Commissioner must proceed to Step Four, which involves a determination of the claimant's residual functional capacity (RFC). Once the RFC is determined,

the Commissioner proceeds to Step Five to determine if jobs exist in significant numbers in the national economy that the claimant can perform. 20 C.F.R. § 404.1520(a)(4). The claimant has the burden of establishing the requirements of Steps One through Step Four, but at Step Five the burden shifts to the Commissioner. If the Commissioner fails to carry his burden at Step Five, the claimant is entitled to a finding of disability as a matter of law. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015); *Abstance v. Berryhill*, 2019 WL 669799 at *1 (D.S.C. 2019).

**Discussion**

Plaintiff asserts that she has been disabled since her onset date of March 1, 2020 due primarily to mental impairments. The Administrative Law Judge (ALJ) found that Plaintiff suffers from the severe mental impairments of PTSD, anxiety, depression, and bipolar disorder and the severe physical impairments of abdominal dysfunction, hematochezia, (rectal bleeding) and obesity. (Dkt. No. 7-2 at 21). Despite these multiple physical and mental impairments, the ALJ found that Plaintiff retained the residual functional capacity to perform less than the full scope of light work. (*Id*. at 23). With this finding, Plaintiff's application for Social Security disability benefits was denied.

Plaintiff raised in her brief before the Magistrate Judge the apparent disconnect between certain conclusory statements by the ALJ, which tended to minimize Plaintiff's mental health symptoms, and Plaintiff's subjective statements and documentation in the medical record that indicated far more significant mental impairments. One notable example is the ALJ's statement that Plaintiff's mental health issues are managed "by medications and occasional visits with a psychiatrist," while the record plainly establishes that Plaintiff sees a psychiatrist every three months and a therapist every two weeks. (*Id*. at 24, 25).

Another example of the ALJ mischaracterizing the record relates to the Plaintiff's statement that she rarely goes out of her home without her mother. (Dkt. No. 7-2 at 49-51). The ALJ minimizes this statement by noting in the decision that on *one* occasion Plaintiff was seen by her psychiatrist without her mother present. (*Id*. at 29). The record documents that on this one occasion Plaintiff's mother did not join for her psychiatrist visit, Plaintiff was noted to be "nervous today due to her present by herself (no mother around)." (Dkt. No. 7-7 at 886).[1] Plaintiff testified at the administrative hearing that she spends every day at her mother's home after dropping her daughter off at school. The ALJ asked Plaintiff "why is that?" Plaintiff responded "[b]ecause I can't function." (Dkt. No. 7-2 at 49). The ALJ questioned Plaintiff about whether she went shopping, and she stated that she went early in the morning with her mother because "there's nobody out." The ALJ then asked if she went "anywhere without your mother," and Plaintiff responded "no." (*Id*. at 50). The record also contains a statement from Plaintiff's mother, confirming that Plaintiff spends most days with her and that her daughter has panic attacks and anxiety when out in public. (Dkt. No. 7-6 at 349, 354).

The ALJ's efforts to minimize the overwhelming record evidence that Plaintiff cannot function without her mother's presence and assistance is hardly accidental since the Vocational Expert testified at the administrative hearing that if Plaintiff required her mother to be present with her at work to function, this condition would not be compatible with competitive work. (*Id.* at 68). In other words, if Plaintiff is unable to perform competitive work without the presence of her mother due to her mental health impairments, she is disabled under the Social Security Act.

---

[1] The record contains frequent entries that her mother was routinely in attendance at medical appointments. (See, Dkt. No. 7-7 at 409, 411, 413, 886).

The Magistrate Judge recommended the reversal of the ALJ's decision because of the multiple inconsistencies between the ALJ's general description of Plaintiff's condition as mostly normal and the numerous entries in the record documenting anxiety, depression, and worried mood. (Dkt. No. 12 at 16). The Magistrate Judge concluded that that "[t]here was not balancing or reconciliation" of differing findings and symptoms in different visits. (*Id.*) The Magistrate Judge noted, as an example, a reference to two visits in which Plaintiff had some uptake in mood and energy but then made no mention of the next visit where Plaintiff appeared to be having a manic episode. (*Id.*). In sum, the Magistrate Judge found that meaningful review of the ALJ's decision was not possible because of "some mischaracterizations of facts in the record by the ALJ." (*Id.*) Additionally, the Magistrate Judge found that the ALJ's decision did not provide the Court with "a meaningful opportunity to review the subjective symptom evaluation" because of the misstatements of the record in the ALJ decision. (*Id.* at 17). Notably, the Commissioner filed no objections to the R & R, obviously recognizing the serious deficiencies in the ALJ's decision.

The Court has reviewed the ALJ's decision, the R & R of the Magistrate Judge, and relevant portions of this voluminous record and shares the Magistrate Judge's significant concerns with the ALJ's misstatements and mischaracterizations of the record. These appear to be an effort by the ALJ to minimize the severe mental impairments that significantly restrict Plaintiff's ability to function independently.

The Court adopts pages 1-16 of the R & R of the Magistrate Judge as the order the Court (Dkt. No. 12), supplemented by this Court's order herein. The Court reverses the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g). The Court must then address the issue of the appropriate remedy. As discussed above, the uncontested record is that Plaintiff's severe

mental impairments have resulted in a dependency on her mother for emotional support and assistance. The record establishes that Plaintiff spends the greater part of every day with her mother and otherwise rarely ventures out of her home without her mother at her side. This includes attendance at medical appointments, shopping, and other activities outside Plaintiff's home. The Vocational Expert testified at the administrative hearing that if Plaintiff required her mother to be with her on the job to be productive such a condition would not be compatible with competitive work. (Dkt. No. 7-2 at 68).

The Commissioner at Step Five of the sequential process carries the burden of showing that jobs exist in significant numbers in the national economy that Plaintiff is capable of performing. Vocation Expert testimony is required to satisfy this burden. Based on the record before the Court, there is not substantial evidence to support a finding that there exist jobs in significant numbers in the national economy that Plaintiff can perform in light of her severe mental impairments, which render her incapable of performing competitive work without her mother's presence and assistance. Consequently, the Commissioner is unable on this record to carry his burden at Step Five of the sequential process, and Plaintiff is entitled to a finding of disability under the Social Security Act.

The only issue is whether the Court should remand this matter to the agency for further administrative processing or remand the case with an order to award benefits. This Court's general practice is to remand to the agency for further proceedings but it is well settled that the Court has the authority to award benefits. 42 U.S.C. § 405(g). An award of benefits by a district court is appropriate where, as here, the record is fully developed and it is clear the Commissioner would be required to award benefits on remand. *Benecke v. Barnhart*, 378 F.3d 587, 595 (9th Cir. 2004); *Holohan v. Massanairi*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Brown v. Kijakazi*, 2021 WL 5276031

(D.S.C. 2021). This is particularly true where there has been a significant lapse of time in the administrative processing of the claim. *Podedworny v. Harris*, 745 F.2d 210, 223 (3rd Cir. 1984). This application for benefits was filed on October 21, 2020, four and a half years ago. The time to award benefits has now arrived. The Court hereby remands this matter to the Social Security Administration with instructions to award benefits from Plaintiff's onset date of March 1, 2020.

      **AND IT IS SO ORDERED.**

       s/Richard M. Gergel
      Richard Mark Gergel
      United States District Judge

Charleston, South Carolina
May 7, 2025